UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, a foreign insurance company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOODWILL OF THE OLYMPICS AND RAINIER REGION, a nonprofit public benefit corporation; ENRIQUE HERNANDEZ FRANCO and JANE DOE HERNANDEZ FRANCO, individually and the marital community composed thereof; NON PROFIT INSURANCE PROGRAM, a Washington State nonprofit corporation, and SUN THERESA CHOE, an individual,<br><br>　　　　　Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

COMES NOW Plaintiff, American Alternative Insurance Corporation ("AAIC"), by and through its attorneys of record, and alleges as follows:

**I.　　PARTIES**

1.1　　AAIC is a foreign insurer, organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey. At all times material to this action, AAIC was duly authorized and admitted as a foreign insurer under the laws of the State of Washington and conducted business in the State of Washington including in

COMPLAINT FOR DECLARATORY RELIEF- 1
652140

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700  Fax 206.462.6701

Pierce County, Washington.  AAIC issued a Retained Limit Policy to named insured Non Profit Insurance Program ("NPIP").

1.2   Defendant NPIP was, at all times material hereto, a Washington nonprofit corporation created and organized by its members to operate as a joint insurance purchasing program.  NPIP is the named insured under the Retained Limit Policy issued by AAIC.

1.3   Defendant Goodwill of the Olympics and Rainier Region ("Goodwill") was, at all times material hereto, a nonprofit public benefit corporation that owned and operated a Goodwill outlet store at 3120 South Pine Street, Tacoma, Washington.  Goodwill was also, at all times material hereto, a member of NPIP.

1.4   Defendant Sun Theresa Choe ("Choe") is and was, at all times material hereto, an individual resident of Pierce County, Washington.

1.5   Upon information and belief, Defendants Enrique Hernandez Franco and Jane Doe Hernandez Franco (collectively referred to as the "Hernandez Franco Defendants"), are believed to be a married couple residing in Pierce County, Washington.

## II.   JURISDICTION AND VENUE

2.1   AAIC incorporates by reference herein paragraphs 1.1 through 1.5, above.

2.2   There is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) AAIC is a citizen of a different state than all of the defendants herein; (2) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2.3   Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim that underlies this matter occurred in the judicial district for the Western District of Washington.  Specifically, the lawsuit that underlies this declaratory judgment action is pending in Pierce County Superior Court and alleges acts and/or omissions that occurred in Tacoma, Pierce County, Washington.  Consideration of this Action in Tacoma is proper pursuant to W.D. Wash. Local Rule CR 3(d) for the reasons set forth above.  Venue is proper in this district.

COMPLAINT FOR DECLARATORY RELIEF- 2
652140

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

## III.   FACTS

**A. Factual Overview**

3.1   AAIC incorporates by reference paragraphs 1.1 through 2.3 above, as if fully set forth herein.

3.2   AAIC issued a Retained Limit Policy (the "Policy") to named insured NPIP for the June 1, 2014, to June 1, 2015, policy period. The Policy includes a General Liability Coverage Part with per occurrence limits of up to $10,000,000 subject to a $50,000 retained limit. A true and correct copy of the Policy is attached hereto as Exhibit A.

3.3   Goodwill is a member of NPIP and entitled to coverage under the AAIC Policy pursuant to the Policy's terms and conditions and not otherwise.

3.4   Pursuant to the terms and conditions of the Policy, the Policy does not include a duty to defend, requires NPIP to adjust and pay all covered claims, and provides for reimbursement to NPIP for amounts covered under the terms and conditions of the policy, but not otherwise.

3.5   On or about January 6, 2016, Defendant Choe filed suit against Goodwill and the Hernandez Franco Defendants. Suit was filed in the Superior Court of the State of Washington for Pierce County under cause number 16-2-04360-2 (the "Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached hereto as Exhibit B.

3.6   According to the allegations of the Underlying Complaint, Choe was a customer at the 3120 South Pine Street, Tacoma, Washington Goodwill location on or about September 20, 2014. On that date, Defendant Enrique Hernandez Franco allegedly backed his truck into and over Choe as he was backing up an incline toward the Goodwill loading area.

3.7   Choe has alleged that the loading area was unsafe, not properly designed, lacked proper signage and guidance for pedestrians and vehicles, "lead pedestrians and vehicles in a

COMPLAINT FOR DECLARATORY RELIEF- 3
652140

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700  Fax 206.462.6701

manner to which they were in conflict and contact with each other", and was unreasonably dangerous.[1]

3.8   The Underlying Complaint alleges that Goodwill failed to exercise reasonable care in the design of the loading area and in directing vehicle and pedestrian traffic in the loading zone with signage, markings, or personnel.

3.9   The Underlying Complaint also claims that Enrique Hernandez Franco was negligent in operating his vehicle.

3.10  With respect to Goodwill, the Underlying Complaint states as follows:

> 4.5   Defendant Goodwill breached its duties owed to Ms. Choe by failing to maintain its premises in a reasonably safe condition. Defendant Goodwill's breaches include, but are not limited to,
>
> a.   Failing to follow proper safety measures for directing pedestrian and vehicle traffic on its premises;
>
> b.   Creating an unreasonably safe condition for patrons and others by designing and maintaining a foreseeably dangerous parking lot and loading zone. [sic]
>
> c.   Creating and maintaining a loading area which placed vehicles and pedestrians in direct conflict with each other.[2]

3.11  The Underlying Complaint seeks special and general damages against the Hernandez Franco Defendants and Goodwill and alleges joint and several liability. Choe has alleged severe injuries as a result of the accident.

3.12   AAIC first received notice of the Underlying Complaint on or about July 5, 2017. At that time, AAIC was also provided notice that Choe's counsel had obtained a default order against Goodwill on or about February 19, 2017, and sought entry of judgment in the amount of $3,328,465.05 against Goodwill.

---

[1] Exhibit B at 3:7-13
[2] Exhibit B at 5:10-19.

COMPLAINT FOR DECLARATORY RELIEF- 4
652140

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

Case 3:17-cv-05978-BHS   Document 1   Filed 11/22/17   Page 5 of 14

3.13   AAIC issued a reservation of rights letter regarding the Underlying Complaint on or about July 31, 2017, which advised that there was no duty to defend under the Policy and further reserving AAIC's rights to deny indemnity based upon several provisions in the Policy including, but not limited to, the prejudice to AAIC from the late notice, exclusions for punitive damages, and the following exclusion:

> *The insurance under this Coverage Part does NOT apply to:*
> *. . .*
> 11.   **Bodily Injury** *or* **Property Damage** *arising out of:*
>
>   a.   *The ownership, entrustment, maintenance, operation, use,* **Loading or Unloading** *of* **Automobiles;** *or while* **Automobiles** *are being transported; or*
>
>   b.   *The transportation of* **Mobile Equipment** *by an* **Automobile** *owned or operated by or rented or loaned to any* **Insured**.
>
> *This exclusion applies even if the* **Claims** *against any* **Insured** *allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that* **Insured**.

3.14   The Court in the Underlying Suit subsequently set aside the default based, at least in part, upon Goodwill's assertion that it had never been served with the Underlying Complaint. The Court also assessed terms against Goodwill in the amount of $12,487.50 as part of its order setting aside the default.

3.15   AAIC issued a supplemental reservation of rights letter to address NPIP's and Goodwill's request that AAIC pay for the assessed sanctions.

3.16   Choe's counsel subsequently filed a motion to reinstate the default order based upon evidence that Goodwill had been served on January 20, 2016. While the Court in the Underlying Suit did not set aside the default, it sanctioned Goodwill by entering an order directing that Goodwill would be found at least 1% at fault and that Goodwill's negligence proximately caused Choe's injuries.

COMPLAINT FOR DECLARATORY RELIEF- 5
652140

**PATTERSON BUCHANAN**
**FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

**B. Pertinent Policy Provisions**

3.17 The General Liability Coverage Part of the AAIC Policy provides, in pertinent part, as follows:

COVERAGES - **BODILY INJURY, PERSONAL INJURY, ADVERTISING INJURY, PROPERTY DAMAGE**

A. INSURING AGREEMENTS

In return for the payment of the premium, we agree with you to provide indemnification for the **Ultimate Net Loss** in excess of the **Retained Limit** for which you become legally obligated to pay because of **Bodily Injury**, **Personal Injury**, **Advertising Injury**, or **Property Damage** to which this insurance under this Coverage Part applies, first arising out of an **Occurrence** during the **Policy Period** in the **Coverage Territory.**

No other obligation to pay any additional sums or perform acts or services is covered.

B. DEFENSE AND INDEMNIFICATION

1. We have no duty to defend a **Claim** against an **Insured** seeking damages for **Bodily Injury, Personal Injury, Advertising Injury**, or **Property Damage**.

2. We have no obligation to pay or indemnify an **Insured** for any amount under this Coverage Part if an **Insured**'s obligation to pay **Ultimate Net Loss** is within or equal to the **Retained Limit**.

3. You have the duty to defend any **Claim** to which this insurance applies and shall be responsible for the **Ultimate Net Loss** up to the **Retained Limit.**

4. When the **Ultimate Net Loss** exceeds the **Retained Limit**, for which you become legally obligated to pay because of an **Occurrence**, you will be entitled to indemnification by us under this Coverage Part. You shall apply for indemnification as soon as practicable after the **Ultimate Net Loss** has been determined to exceed the **Retained Limit**. We will promptly indemnify you in excess of the **Retained Limit** subject to the Excess Limit of Insurance for this Coverage Part shown on the Declarations page.

COMPLAINT FOR DECLARATORY RELIEF- 6
652140

**PATTERSON BUCHANAN**
**FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700  Fax 206.462.6701

5. Your legal obligation to pay the **Ultimate Net Loss** must be evidenced either by a judgment against you after the actual trial, or by an arbitration award entered as a judgment, or by a written settlement executed by you and the claimant.

6. You must obtain our prior written approval before offering or agreeing to pay an amount which is in excess of the **Retained Limit** in order to settle any **Claim** under this Coverage Part.

7. We shall have the right and you shall avail us of the opportunity to associate with you in the defense of any **Claim** that in our sole opinion may create indemnification obligations for us under this Coverage Part.

We shall have the right to settle any **Claim** that in our sole opinion may create indemnification obligations for us under this Coverage Part.

    3.18    The Policy language set forth in the preceding paragraph is modified by an endorsement in the Policy that provides as follows:

**DEFENSE COSTS OUTSIDE OF EXCESS LIMITS**

. . .

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**This endorsement modifies insurance provided under the following:**

GENERAL LIABILITY COVERAGE PART
**AUTOMOBILE** LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated above.  However, this endorsement does not apply to the NPIP Independent Schools (NPIP IS)

Schedule

Defense Costs Limit        $ 5,000,000

This Defense Costs Limit is part of and not in addition to the Defense Costs Limit in RL 2007 in Pol. No. N1-A3-RL-0000060-06.

A.    The last sentence of the Insuring Agreement of the General Liability Coverage Part and **Automobile** Liability Coverage Part is amended to read:

COMPLAINT FOR DECLARATORY RELIEF- 7
652140

**PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

No other obligation to pay any additional sums or perform acts or services is covered unless specifically provided for under Defense and Indemnification.

B. The phrase "**Ultimate Net Loss**" is hereby replaced by the phrase "**Ultimate Net Loss** (excluding defense costs)" wherever it appears in the following sections of the applicable Coverage Part or any applicable endorsements:  Insuring Agreements and Excess Limit of Insurance.  Such defense costs will not erode the Excess Limit of Insurance Combined Aggregate in the Retained Limit Combined Aggregate Endorsement, if attached.

C. Paragraph 4. in the Defense and Indemnification provisions of the General Liability Coverage Part, **Automobile** Liability Coverage Part, Miscellaneous Professional Liability Coverage Part and **Wrongful Acts** Liability Coverage Part is deleted and replaced by the following:

    4. When the **Ultimate Net Loss** exceeds the **Retained Limit**, you will be entitled to indemnification by us under this Coverage Part as follows:

        a. We will indemnify you for the amount of **Ultimate Net Loss** (excluding defense costs) in excess of the **Retained Limit**; and

        b. 1. If the final adjusted **Ultimate Net Loss** (excluding defense costs) is less than or equal to our applicable Excess Limit of Insurance, we shall pay the amount of defense costs incurred by you up to the Defense Costs Limit shown in the above Schedule; or

          2. If the final adjusted **Ultimate Net Loss** (excluding defense costs) is more than our applicable Excess Limit of Insurance, we shall contribute to the defense costs incurred by you in the ratio that our proportion of the **Ultimate Net Loss** (excluding defense costs) as finally adjusted bears to the whole amount of such **Ultimate Net Loss** (excluding defense costs), up to the Defense Costs Limit shown in the above Schedule.

However, we will no longer contribute to the defense costs once the applicable Excess Limit of Insurance has been

COMPLAINT FOR DECLARATORY RELIEF- 8
652140

**PATTERSON BUCHANAN**
**FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

> exhausted by the payment of judgments or settlements for **Ultimate Net Loss** (excluding defense costs).
>
> You shall apply for indemnification as soon as practicable after the **Ultimate Net Loss** (excluding defense costs) has been determined to exceed the **Retained Limit** and we will promptly indemnify you subject to paragraphs 4.a. and 4.b. above.

All other terms and conditions remain unchanged.

3.19    In addition, the General Liability Coverage Part of the Policy includes the following exclusions:

> D.    EXCLUSIONS
>
> The following exclusions apply to this Coverage Part in addition to the exclusions in the Liability Conditions, Definitions and Exclusions section of this policy.
>
> The insurance under this Coverage Part does NOT apply to:
>
> . . .
>
> 11.   **Bodily Injury** or **Property Damage** arising out of:
>
>> a.    The ownership, entrustment, maintenance, operation, use, **Loading or Unloading** of **Automobiles;** or while **Automobiles** are being transported; or
>>
>> b.    The transportation of **Mobile Equipment** by an **Automobile** owned or operated by or rented or loaned to any **Insured**.
>
> This exclusion applies even if the **Claims** against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured**.

3.20    In addition, the AAIC Policy includes certain terms and conditions that set forth the duties of an insured as set forth in the following policy provisions:

> H.    Duties In the Event of **Accident, Occurrence, Wrongful Act or Claim**
>
> 1.    You must see to it that:

COMPLAINT FOR DECLARATORY RELIEF- 9
652140

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700  Fax 206.462.6701

    a. We are notified in writing as soon as practicable once you have knowledge of any **Accident**, **Occurrence** or **Wrongful Act** which may reasonably and subsequently give rise to a **Claim** being made against an **Insured**. Notice shall be deemed given as soon as practicable if it is given to us by the department or person to whom you have delegated such responsibility as soon as practicable after they have knowledge of such **Accident, Occurrence** or **Wrongful Act**;

    b. If a **Claim** is made against an **Insured** which appears likely to involve indemnification by this policy, you must immediately record the specifics of the **Claim** and the date received and notify us in writing as soon as practicable. Notice shall be deemed given as soon as practicable if it is given to us by the department or person to whom you have delegated such responsibility as soon as practicable after they have knowledge of such **Claim**;

    c. At our request, we receive your assistance in the enforcement of any right against any person or organization which may be liable to an **Insured** because of injury or damage to which this insurance may also apply;

    d. We receive your full cooperation as stated in this policy; and

    e. We receive your full cooperation in the investigation, settlement or defense of any **Claim**.

2. In any event you must notify us in the manner specified above of any **Accident**, **Occurrence, Wrongful Act** or **Claim**, regardless of the coverage or liability which:

    a. Results in the establishment of a reserve, or would reasonably require the establishment of a reserve, for damages which equals or exceeds 50% of the **Retained Limit**;

    b. Involves any of the following:

        (1)    Paraplegia;
        (2)    Quadriplegia;
        (3)    Severe Burns;
        (4)    Fatalities;
        (5)    Amputation or loss of use of a Major Extremity;
        (6)    Sensory Loss (sight, hearing, smell, etc.);
        (7)    Significant Psycho-Neurotic Involvement;
        (8)    Discrimination or violation of civil rights.
        (9)    **Sexual Abuse**

COMPLAINT FOR DECLARATORY RELIEF- 10
652140

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

(10)    **Sexual Harassment**

3. Knowledge of an **Accident, Occurrence**, **Wrongful Act** or **Claim** by an agent or employee of any **Insured** shall not in itself constitute knowledge of the **Named Insured** unless you; an executive officer or director; or other persons in a supervisory capacity, risk management position; or the department or person to whom you have delegated such responsibility, have such knowledge.

## IV.    FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT (28 U.S.C. § 2201) (No Duty to Defend or Indemnify)

4.1    AAIC incorporates by reference paragraphs 1.1 through 3.20 above, as if fully set forth herein.

4.2    The AAIC Policy is a reimbursement policy, which does not include a duty to defend.

4.3    In addition, the General Liability Coverage Part of the AAIC Policy clearly and unambiguously excludes coverage for the bodily injury alleged in the Underlying Complaint pursuant to the following exclusion:

11.    **Bodily Injury** or **Property Damage** arising out of:

a. The ownership, entrustment, maintenance, operation, use, **Loading or Unloading** of **Automobiles;** or while **Automobiles** are being transported; or

b. The transportation of **Mobile Equipment** by an **Automobile** owned or operated by or rented or loaned to any **Insured**.

This exclusion applies even if the **Claims** against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured**.

4.4    The AAIC Policy also excludes coverage for any punitive or exemplary damages.

4.5    AAIC is entitled to a judicial declaration that there is no duty to defend or indemnify Goodwill, or to reimburse NPIP, for the claims in the Underlying Complaint.

## V.    SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT

COMPLAINT FOR DECLARATORY RELIEF- 11
652140

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

**(28 U.S.C. § 2201)**
**(Breach of Cooperation Clause)**

5.1     AAIC incorporates by reference paragraphs 1.1 through 4.5 above, as if fully set forth herein.

5.2     Pursuant to the terms and conditions of the AAIC Policy, an insured has a duty to cooperate with AAIC and to notify AAIC of accidents, occurrences, or other potentially covered acts that may give rise to a claim against the insured.

5.3     Goodwill knew about the accident giving rise to Choe's Underlying Complaint in 2014.  However, AAIC was not notified at that time.

5.4     AAIC's first notice of the accident and subsequent Underlying Complaint did not occur until on or about July 5, 2017, which was after default had been entered against Goodwill.

5.5     Goodwill has breached the terms and conditions of the AAIC Policy by failing to timely report the accident and the Underlying Complaint to NPIP and/or AAIC, which has prejudiced AAIC.

5.6     The Court handling the suit for the Underlying Complaint has assessed terms and sanctions against Goodwill for failure to timely answer the Underlying Complaint and as a result of evidence that Goodwill was served with the Underlying Complaint in January 2017.

5.7     Goodwill's failure to timely notify NPIP and/or AAIC of the accident that underlies the Underlying Complaint and failure to timely notify NPIP and/or AAIC of the Underlying Complaint have proximately caused prejudice to AAIC's ability to assess, investigate, and/or otherwise handle the claims that form the basis for the Underlying Complaint.  The assessment of terms and sanctions against Goodwill have also caused actual prejudice to AAIC as Goodwill and NPIP have requested that AAIC indemnify/reimburse Goodwill and NPIP for the sanctions as well as for any damages assessed as the result of the Underlying Complaint.

COMPLAINT FOR DECLARATORY RELIEF- 12
652140

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

5.8     Because Goodwill has breached its duty to cooperate under the Policy, which has caused actual prejudice to AAIC, AAIC is entitled to a judicial determination that AAIC is not obligated to reimburse NPIP or otherwise to satisfy any sanctions, terms, damages, or judgments rendered against Goodwill in the Underlying Complaint as a result of Goodwill's failure to comply with the terms and conditions of the Policy.

## VI.     PRAYER FOR RELIEF

WHEREFORE, AAIC prays for relief and demands judgment against Defendants as follows:

1.     For a declaration that there is no duty to defend, indemnify, or reimburse Goodwill and/or NPIP for the allegations in the Underlying Complaint because the Policy does not provide a duty to defend and because the claims in the Underlying Complaint are specifically excluded under the terms and conditions of the Policy.

2.     For a declaration that there is no duty to indemnify Goodwill or duty to reimburse NPIP for costs of defense, terms, sanctions, or judgments related to the Underlying Complaint because Goodwill failed to comply with their duties to cooperate under the Policy and caused actual prejudice to AAIC.

3.     For an award of reasonable costs and expenses incurred in this action, including attorneys' fees, to the fullest extent allowed under the law.

4.     For all other relief that this Court deems just and equitable.

DATED this 22nd day of November, 2017.

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

By: *s:/ Michael A. Patterson*
    *s:/ Kevin J. Kay*
Michael A. Patterson, WSBA 7976
Kevin J. Kay, WSBA 34546
Of Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF- 13
652140

**PATTERSON BUCHANAN**
**FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700  Fax 206.462.6701

# CERTIFICATE OF SERVICE

I, Kristi Ohlinger, hereby declare that on this 22nd day of September, 2017, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| ATTORNEY NAME & ADDRESS | METHOD OF DELIVERY |
|---|---|
| *Counsel for Plaintiff*<br>John R. Connelly, Jr.<br>Micah R. LeBank<br>Connelly Law Offices, PLLC<br>2301 North 30th Street<br>Tacoma, WA 98403 | ■ ECF<br>■ Electronic Mail<br>☐ ABC Legal Messenger Service<br>☐ Regular U.S. Mail<br>☐ Other: _____ |
| *Counsel for Defendant Enrique Hernandez Franco*<br><br>Thomas J. West<br>West Law Firm, P.S.<br>524 Tacoma Avenue South<br>Tacoma, WA 98402 | ■ ECF<br>■ Electronic Mail<br>☐ ABC Legal Messenger Service<br>☐ Regular U.S. Mail<br>☐ Other: _____ |
| *Counsel for Defendnat Goodwill of the Olympics*<br><br>Lisa M. Marchese<br>Johnathan A. DeMella<br>Davis Wright Tremaine LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101 | ■ ECF<br>■ Electronic Mail<br>☐ ABC Legal Messenger Service<br>☐ Regular U.S. Mail<br>☐ Other: _____ |

I certify under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 22nd day of September, 2017 at Seattle, Washington.

*s:/ Kristi Ohlinger*_____
Kristi Ohlinger
Legal Assistant

COMPLAINT FOR DECLARATORY RELIEF- 14
652140

**PATTERSON BUCHANAN**
**FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701