UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| AMERICAN ALTERNATIVE INSURANCE CORPORATION, | CASE NO. C17-5978 BHS |
|---|---|
| Plaintiff, v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND COMPLAINT, REALIGN THE PARTIES AND DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |
| GOODWILL OF THE OLYMPICS AND RAINIER REGION, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants Sun Theresa Choe ("Choe") and Goodwill of the Olympics and Rainier Region's ("Goodwill") motion to amend complaint, realign the parties and dismiss for lack of subject matter jurisdiction. Dkt. 27. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

On November 22, 2017, Plaintiff American Alternative Insurance Corporation ("American") filed a declaratory judgment action against Defendants Goodwill, Choe,

ORDER - 1

Enrique Hernandez Franco ("Franco"), Jane Doe Hernandez Franco, and Non Profit Insurance Program ("Risk Pool") seeking a declaration that there is no duty to defend, indemnify, or reimburse Goodwill or the Risk Pool based on allegations in an underlying complaint.  Dkt. 1.

In the underlying matter, Choe alleged that Franco backed over her at a Goodwill location in Tacoma, Washington and that Goodwill failed to maintain its premise in a lawful manner.  *Id.*, ¶¶ 3.5–3.12.  Choe and Goodwill entered into a settlement shortly after American filed this declaratory judgment action.

On April 13, 2018, the Risk Pool answered, Dkt. 14, and Goodwill and Choe answered and asserted counterclaims against American, Dkt. 17.  On May 11, 2018, American answered the counterclaims.  Dkt. 20.

On February 7, 2019, Goodwill and Choe filed the instant motion to amend, realign the parties, and dismiss for lack of jurisdiction.  Dkt. 27.  On February 25, 2019, the Risk Pool responded and moved to strike the Declaration of Micah LeBank, Dkt. 29, and American responded and moved to strike the Declaration of Micah LeBank, Dkt. 31.  On March 1, 2019, Goodwill and Choe replied.  Dkt. 33.

## II. DISCUSSION

**A.     Motions to Strike**

Both the Risk Pool and American moved to strike the Declaration of Micah LeBank.  Goodwill and Choe respond that both motions are based on broad generalizations about the content of the declaration and fail to provide the Court with specific citations to inadmissible evidence contained with the declaration.  Dkt. 33 at 1

n.1. The Court agrees with Goodwill and Choe and denies the motions to strike because the inclusion of some inadmissible evidence does not warrant striking otherwise admissible evidence within the same declaration.

**B.     Motion to Amend**

Goodwill and Choe move to amend their counter-complaint to add claims against the Risk Pool. Dkt. 27 at 6–8. American argues that Goodwill and Choe's proposed claims are "unavailing." Dkt. 31 at 8. The Rick Pool argues that the Court should deny the motion for procedural and substantive reasons. Dkt. 29 at 10–13. Regarding the former, the Risk Pool contends that the Court should deny the motion because Goodwill and Choe failed to file a red-lined version of the proposed amended crossclaims. *Id.* at 10. While the Court agrees that Goodwill and Choe failed to technically comply with the Local Rules, the Risk Pool has failed to show any prejudice from the error.

Regarding the substantive reasons, the Risk Pool argues that the Court should deny the motion because Goodwill and Choe's proposed claims are futile for numerous reasons. *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003) ("Futility alone can justify the denial of a motion to amend."). First, the Risk Pool argues that Choe's claims are futile because the settlement agreement limits her recovery only to claims against American. Dkt. 29 at 11. The Risk Pool's argument is without merit because the agreement provides that Choe reserves the right to proceed against American and its associated entities "including but not limited to [the Risk Pool] who is entitled to coverage under the [American] Policy." Dkt. 30 at 50, ¶ 1. Even if this does not

explicitly allow Choe's claims, there is at least a question of interpretation overcoming any argument that the claims are futile as alleged.

Second, the Risk Pool argues that the claims are futile because, under *Jones v. St. Paul Fire & Marine Ins. Co.*, 15-531-MJP, 2015 WL 4508884 (W.D. Wash. July 24, 2015), it is not an insurer. Dkt. 29 at 11. This is a mistaken application of the holding in *Jones*. In *Jones*, the Court held that the plaintiff's claims failed against the Washington Rural Counties Insurance Program ("WRCIP") and its claims administrator because "Washington statutorily excludes governmental risk-pooling organizations like WRCIP from being considered insurers." *Id.* at *4 (citing RCW 48.01.050). The Risk Pool fails to show that it is a government risk-pooling organization or that *Jones* extended the Washington statute to cover nonprofit corporations operating as a joint insurance purchasing program. Dkt. 1, ¶ 1.2. Similarly, the Risk Pool's argument that it is immune because it is a "self-insurance risk pool" is flawed because "Washington courts also hold that generally 'self-insurance' provisions are not insurance.'" *Id.* at *4 (quoting *Bordeaux, Inc. v. Am. Safety Ins. Co.*, 145 Wn. App. 687, 694 (2008)). The Risk Pool fails to establish how law relating to self-insurance provisions in a particular contract of insurance governs the operation of a self-insurance corporation. Therefore, the Risk Pool's argument on this issue fails.

Finally, the Risk Pool argues that the claims are futile based on the "gravamen" of Choe's theory and that the claims "make no sense." Dkt. 29 at 12. Not only do such arguments fail to establish futility of Choe's claims but the Court also finds that the fact that American and the Risk Pool spend a significant amount of briefing pointing the

finger of liability at one another shows Choe's claims should at least compel a fully briefed motion to dismiss. Thus, the Court grants Goodwill and Choe's motion to amend because American and the Risk Pool have failed to establish that the proposed claims are futile.

C.     **Motion to Realign**

"[W]e are obliged to confront the question of jurisdiction whenever it is apparent that proper alignment of the parties might destroy complete diversity of citizenship. We must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'" *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (quoting *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1522–23 (9th Cir. 1987)). It "is hornbook law" that "all challenges to subject-matter jurisdiction premised upon diversity of citizenship [are measured] against the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004).

In this case, Goodwill and Choe move the Court to realign the Risk Pool as a plaintiff with American such that it destroys diversity jurisdiction. Dkt. 27 at 9–13. It is undisputed, however, that at the time American filed the complaint it did have a valid claim against the Risk Pool and that American and the Risk Pool then, subsequent to filing, settled their dispute. To the extent that Goodwill and Choe argue that the lack of a current dispute between American and the Risk Pool suffices to destroy jurisdiction, the arguments run contrary to hornbook law. *Grupo*, 541 U.S. at 570–71. Similarly, Goodwill and Choe misrepresent *O'Halloran v. Univ. of Washington*, 856 F.2d 1375,

1379 (9th Cir. 1988), in citing it for the proposition that "analyzing diversity jurisdiction requires assessing the 'condition of the pleadings and the record at the time of the application for removal' **or other challenge**, not when the case was filed." Dkt. 33 at 9 (emphasis added). The addition of the phrase "or other challenge" runs contrary to binding Supreme Court president and is at best frivolous. Therefore, the Court denies Goodwill and Choe's motion to realign.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Goodwill and Choe's motion to amend complaint, realign the parties and dismiss for lack of subject matter jurisdiction, Dkt. 27, is **GRANTED in part** and **DENIED in part** as stated herein. Goodwill and Choe shall filed the amended answer and counterclaims as a separate entry on the electronic docket.

Dated this 14th day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge