UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>                    Plaintiff,<br>   v.<br><br>GOODWILL OF THE OLYMPICS AND RAINIER REGION, et al.,<br><br>                    Defendants. | CASE NO. C17-5978 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff American Alternative Insurance Corporation's ("American") motion for summary judgment, Dkt. 49, and Defendants Sun Theresa Choe ("Choe") and Goodwill of the Olympics and Rainier Region's ("Goodwill") motion for leave to file overlength brief, Dkt. 56. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On November 22, 2017, American filed a declaratory judgment action against Defendants Goodwill, Choe, Enrique Hernandez Franco ("Franco"), Jane Doe Hernandez

Franco, and Non Profit Insurance Program ("Risk Pool") seeking a declaration that there is no duty to defend, indemnify, or reimburse Goodwill or the Risk Pool based on allegations in an underlying complaint. Dkt. 1.

On July 18, 2019 American filed the instant motion for summary judgment seeking a declaration that its policy does not obligate American to defend or indemnify. Dkt. 49. On September 5, 2019, Choe and Goodwill filed a motion for leave to file an overlength brief. Dkt. 56.[1] On September 9, 2019, Choe, Goodwill, and the Risk Pool responded. Dkts. 57, 59. On September 13, 2019, American replied. Dkt. 62.

## II. FACTUAL BACKGROUND

On September 20, 2014, Choe and Franco were customers at Goodwill. Franco had purchased furniture at the store, and Goodwill employees instructed him to back his truck up a loading ramp so that the furniture could be loaded into the vehicle. While backing up the ramp, Franco ran over Choe causing severe injuries. On January 6, 2016, Choe filed suit against Goodwill in state court.

On June 26, 2017, Choe moved for entry of default judgment because Goodwill had failed to appear or defend. Goodwill immediately moved to set aside the default arguing that it had not been served with the complaint. Ultimately, the court granted the motion with conditions. Goodwill also notified the Risk Pool of the suit, which notified American. The Risk Pool does not issue insurance itself. Instead, the Risk Pool negotiates and obtains insurance of behalf of its non-profit members such as Goodwill.

---

[1] The Court grants the motion.

Relevant to the instant matter, Goodwill obtained insurance with American through the Risk Pool. The relevant policy covered (1) commercial general liability ("CGL"), which included an automobile injury exclusion, (2) separate automobile coverage, and (3) a prompt notice of claim provision.

In September 2017, Choe moved to reinstate the default based on evidence that Goodwill had been timely served in early 2016. The court denied the request to reinstate the default and instead imposed sanctions of 1% liability for Goodwill's failure to timely submit the evidence in question.

In December 2017, Choe and Goodwill entered into a settlement agreement. Goodwill agreed to pay $300,000 of a stipulated judgment of $1,750,000 and assigned its claims against the Risk Pool and American over to Choe. In March 2018, the state court concluded that the settlement was reasonable.

## III. DISCUSSION

American moves for judgment seeking a declaration that it had no duty to defend or indemnify Goodwill or the Risk Pool.

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

## B. Duty to Defend

There is no dispute that the policy explicitly disclaims American's duty to defend. Goodwill, however, argues without authority and through misrepresentations of fact that American voluntarily assumed defense of the matter triggering the duties associated with the duty to defend. Dkt. 59 at 10–12. For example, Goodwill lists six examples of how American "unquestionably directed and controlled the defense provided to Goodwill." *Id.* at 11. Some of these facts, if true, establish only that American monitored the litigation. Approving the claims administrator, requiring periodic updates from appointed defense counsel, and freely accessing the defense file do not establish assuming or controlling defense counsel's actions. Similarly, requiring authorization before settling a claim that it must indemnify does not establish that American assumed the duty to defend the claim. Goodwill also asserts that American removed Goodwill's chosen defense counsel but only submits evidence that the claims administrator chose new counsel after American gave authority to assign counsel to defend the claim. Dkt. 61-17 at 2. Finally, Goodwill asserts that American cancelled a mediation but only submits evidence that American "agreed not to do a mediation." Dkt. 61-29 at 14. Therefore, the Court grants American's motion on the sole issue that American had no duty to defend under the policy of insurance and rejects Goodwill's unsupported argument that American somehow modified the contract through its actions.

## C. Duty to Indemnify

American moves for summary judgment that it does not owe Goodwill or the Risk Pool a duty to indemnify against Choe's claims. The parties agree that the two relevant

clauses of the policy are (1) the automobile injury exclusion in the CGL policy and (2) the automobile liability coverage part. American also argues that Goodwill's failure to timely notify American of the underlying suit precludes coverage.

**1. Automobile Exclusion**

In this case, the automobile injury exclusion provides in relevant part that coverage is excluded for bodily injury "arising out of . . . the . . . operation, use, Loading or Unloading of Automobiles." Dkt. 50-1 at 117. American argues that this language is clear and excludes coverage for any injury arising out of the use of any automobile. Dkt. 49 at 16–18. The Court agrees with American but must dispose of Goodwill's misrepresentations, non-binding and contrary authorities, and misplaced reliance on the efficient proximate cause rule. First, Goodwill relies on *Essex Ins. Co. v. City of Bakersfield*, 154 Cal. App. 4th 696, 707 (2007), *modified,* (Aug. 27, 2007) and *Scottsdale Indem. Co. v. Lexington Ins. Co.*, C12-00017 VAP, 2012 WL 6590716 (C.D. Cal. Dec. 18, 2012) ("*Scottsdale*") for the proposition that the exclusion does not apply to use of an automobile by a third party as opposed to an insured. Dkt. 59 at 15–18. In *Essex*, the court relied on the theory that "no average layperson would have understood the auto exclusions" to preclude "coverage in any cases involving automobiles by anyone anywhere." 154 Cal. App. 4th at 707. Far from controlling, the *Essex* conclusion was limited to the facts of that case and has been criticized as improperly reading language into an insurance provision. *See, e.g.*, *Maxum Indem. Co. v. Kaur*, 356 F. Supp. 3d 987, 1005 (E.D. Cal. 2018). The Court concludes that the language at issue in this case does not distinguish between injuries based on who owned or was in control of the automobile.

*See Allstate Ins. Co. v. Naai*, 490 Fed. Appx. 49, 51 (9th Cir. 2012) ("The exclusion, as written, does not reasonably allow for different interpretations. Only by reading in a limitation—*an insured person's* ownership, operation, maintenance, or use—can the policy be interpreted to potentially provide coverage.") Therefore, the Court rejects Goodwill's invitation to read in a qualification that does not exist in the explicit language of the exclusion.

Goodwill's reliance on *Scottsdale* is similarly misplaced. There, an officer used his motorcycle to stop traffic at a green light for a funeral procession causing a fatal accident between two other vehicles. *Scottsdale*, 2012 WL 6590716, at *3. The officer was sued and, under a similar exclusion, the court concluded that the exclusion did not apply because the injury did not arise out of the officer's use of his motorcycle. *Id.* at *8 ("To the extent Lopez used the motorcycle at all, he used it to stop traffic, which was his goal. Stopping traffic is not at all the sort of use that drivers are expected to make of an automobile."). Thus, *Scottsdale* is easily distinguishable based on the fact that a vehicle was used to injure Choe.

Second, Goodwill asserts that there is a "complete lack of support for [American's] request to broadly interpret the auto exclusion in a way never before done in any jurisdiction . . . ." Dkt. 59 at 17. While the situation is rare, it is a misrepresentation to assert that such an exclusion has never been interpreted as American requests. For example, in *Maxum*, the court interpreted a similar "arising out of" auto exclusion provision exactly as American advocates by "conclud[ing] that the plain language of the contract is not ambiguous." *Maxum*, 356 F. Supp. 3d at 1004. The court

then granted the insurer's motion for summary judgment as to no duty to indemnify because the relevant injuries arose out of the use of an automobile. *Id.* at 1005. At the least, there appears to be a split of non-binding authorities as to the interpretation of a standard automobile exclusion. The Court adopts the reasoning of the authorities that enforce the plain language of the provision.

Third, Goodwill argues that the exclusion only applies in five categories of conduct. Dkt. 59 at 19. The last paragraph of the exclusion provides as follows:

> This exclusion applies even if the Claims against any Insured alleged negligent or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that Insured.

Dkt. 50-1 at 117. Goodwill provides no support for such an unreasonable interpretation of this sentence. Reasonably read, this sentence provides examples of when the exclusion could apply and does not list specific categories of conduct in which the exclusion only applies. Therefore, the Court rejects Goodwill's limiting interpretation of this sentence.

Finally, Goodwill argues that the efficient proximate cause rule creates a question of fact as to causation. Dkt. 59 at 19–21. This argument is contrary to Washington law because "'[a]rising out of' and 'proximate cause' describe two different concepts." *Toll Bridge Auth. v. Aetna Ins. Co.*, 54 Wn. App. 400, 407 (1989). When an exclusion precludes coverage for injuries arising out of a certain event, a "determination of proximate cause is not a necessary precedent to determination of coverage" because that would do "violence to the plain language of the policy." *Id.* Because the policy in question precludes coverage for injuries arising out of the use of an automobile, it is

then granted the insurer's motion for summary judgment as to no duty to indemnify because the relevant injuries arose out of the use of an automobile. *Id.* at 1005. At the least, there appears to be a split of non-binding authorities as to the interpretation of a standard automobile exclusion. The Court adopts the reasoning of the authorities that enforce the plain language of the provision.

Third, Goodwill argues that the exclusion only applies in five categories of conduct. Dkt. 59 at 19. The last paragraph of the exclusion provides as follows:

> This exclusion applies even if the Claims against any Insured alleged negligent or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that Insured.

Dkt. 50-1 at 117. Goodwill provides no support for such an unreasonable interpretation of this sentence. Reasonably read, this sentence provides examples of when the exclusion could apply and does not list specific categories of conduct in which the exclusion only applies. Therefore, the Court rejects Goodwill's limiting interpretation of this sentence.

Finally, Goodwill argues that the efficient proximate cause rule creates a question of fact as to causation. Dkt. 59 at 19–21. This argument is contrary to Washington law because "'[a]rising out of' and 'proximate cause' describe two different concepts." *Toll Bridge Auth. v. Aetna Ins. Co.*, 54 Wn. App. 400, 407 (1989). When an exclusion precludes coverage for injuries arising out of a certain event, a "determination of proximate cause is not a necessary precedent to determination of coverage" because that would do "violence to the plain language of the policy." *Id.* Because the policy in question precludes coverage for injuries arising out of the use of an automobile, it is

unnecessary to determine whether Goodwill's allegedly negligent design of its loading dock was the proximate cause of Choe's injuries. Therefore, the Court grants American's motion and concludes that American does not owe a duty to indemnify Goodwill under the CGL portion of the policy.

**2. Automobile Coverage**

The policy included an Automobile Liabailty Coverage Part that defined a covered automobile in part as an automobile

> You do not own, lease, hire, rent or borrow that is used in conjunction with your business (This includes an Automobile owned by any of your employees or partners or members of their household but only while used in conjunction with your business).

Dkt. 50-1 at 122. American moves for summary judgment that there is no duty to indemnify under this coverage because Choe "allege[d] only negligence claims based on premises liability as it pertains to Goodwill." Dkt. 49 at 11. Although neither Goodwill nor the Risk Pool respond to American's argument, the Court concludes that American has failed to provide any authority for its position. Thus, it has failed to establish that it is entitled to judgment as a matter of law when it fails to provide any law for the proposition that indemnity is precluded by Choe's representations regarding her claims.

Instead of responding to American's arguments, Goodwill and the Risk Pool argue that under a fair reading of the policy provision Franco was using his vehicle in conjunction with Goodwill's business. Dkt. 57 at 9–10; Dkt. 59 at 21–23. The Court agrees. At most, there is no explicit language in the coverage provision regarding who was driving the vehicle in question as long as it was used in connection with Goodwill's

business.  At the very least, an ambiguity exists, which must be construed against American.  *See Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171 (2005) (a clause is ambiguous if "it is fairly susceptible to two different interpretations, both of which are reasonable.").  Moreover, it seems undisputed that the vehicle was being used in conjunction with Goodwill's business.  Goodwill employees instructed Franco where to move his vehicle so that those employees could load furniture into the vehicle.  At the very least, a question of fact exists for trial on this issue.  Therefore, the Court denies American's motion as to no indemnity under the automobile coverage provision.

 **3.     Prejudice**

American argues that Goodwill failed to give timely notice of the claim and American suffered prejudice as a result.  Dkt. 49 at 21–23.  In Washington, "even where an insured breaches a 'prompt notice' provision of an insurance policy, the insurer is not relieved of its duties under the insurance contract unless it can show that the late notice caused it actual and substantial prejudice."  *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wn.2d 411, 426 (2008).  "Whether or not late notice prejudiced an insurer is a question of fact, and it will seldom be decided as a matter of law."  *Id.* at 427 (citing *Dien Tran v. State Farm Fire & Cas. Co.*, 136 Wn.2d 214, 228 (1998)).

In this case, American has failed to establish prejudice as a matter of law.  American argues that it was prejudiced by (1) Goodwill's failure to inform it of the lawsuit until almost eighteen months after it had been filed and (2) the trial court's imposition of 1% liability months after receiving notice.  Dkt. 49 at 21–23.  American, however, offers no facts establishing actual prejudice.  For example, in *Felice v. St. Paul*

*Fire & Marine Ins. Co.*, 42 Wn. App. 352, 360 (1985), the court concluded that the insurer was prejudiced as a matter of law "because it was precluded from investigating and evaluating the case prior to, during and after trial." American cites no facts establishing that it was precluded from investigating any relevant aspect of the underlying claim. Similarly, American cites no facts to establish that it was prejudiced by the trial court's imposition of liability as a sanction for Goodwill's failure to timely disclose evidence. Therefore, the Court denies American's motion on the issue of no duty to indemnify for Goodwill's breach of the notice provision.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that American's motion for summary judgment, Dkt. 49, is **GRANTED in part** and **DENIED in part**.

Dated this 15th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge