UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GOODWILL OF THE OLYMPICS AND RAINIER REGION, et al.,<br><br>Defendants. | CASE NO. C17-5978 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE COVENANT JUDGMENT |

This matter comes before the Court on Defendants Sun Theresa Choe ("Choe") and Goodwill of the Olympics and Rainier Region's ("Goodwill") motion for partial summary judgment re covenant judgment, Dkt. 65. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and grants the motion in part and denies the motion in part for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 22, 2017, Plaintiff American Alternative Insurance Corporation ("American") filed a declaratory judgment action against Defendants Goodwill, Choe, Enrique Hernandez Franco ("Franco"), Jane Doe Hernandez Franco, and Non Profit

Insurance Program ("Risk Pool") seeking a declaration that there is no duty to defend, indemnify, or reimburse Goodwill or the Risk Pool based on allegations in an underlying complaint. Dkt. 1.

On May 23, 2019, Goodwill and Choe answered and asserted counterclaims against American for breach of the duty to defend, breach of the duty to settle, breach of the duty to indemnify, common law bad faith, violations of Washington's Consumer Protection Act, and violations of Washington's Insurance Fair Conduct Act. Dkt. 43.

On July 18, 2019 American filed a motion for summary judgment seeking a declaration that its policy does not obligate American to defend or indemnify. Dkt. 49. On January 15, 2020, the Court granted American's motion as to the duty to defend and denied the motion as to the duty to indemnify. Dkt. 83.

On October 31, 2019, Goodwill and Choe filed a motion for partial summary judgment re: covenant judgment. Dkt. 65. On November 18, 2019, the Risk Pool responded, Dkt. 69, and American responded, Dkt. 71. On November 22, 2019, Goodwill and Choe replied. Dkt. 72.

## II. FACTUAL BACKGROUND

On September 20, 2014, Choe and Franco were customers at Goodwill. Franco had purchased furniture at the store, and Goodwill employees instructed him to back his truck up a loading ramp so that the furniture could be loaded into the vehicle. While backing up the ramp, Franco ran over Choe causing severe injuries. On January 6, 2016, Choe filed suit against Goodwill in state court

1  On June 26, 2017, Choe moved for entry of default judgment because Goodwill
2  had failed to appear or defend. Goodwill immediately moved to set aside the default
3  arguing that it had not been served with the complaint. Ultimately, the court granted the
4  motion with conditions. Goodwill also notified the Risk Pool of the suit, which notified
5  American. The Risk Pool does not issue insurance itself. Instead, the Risk Pool
6  negotiates and obtains insurance of behalf of its non-profit members such as Goodwill.
7  Relevant to the instant matter, Goodwill obtained insurance with American through the
8  Risk Pool.

In September 2017, Choe moved to reinstate the default based on evidence that Goodwill had been timely served in early 2016. The court denied the request to reinstate the default and instead imposed sanctions of 1% liability for Goodwill's failure to timely submit the evidence in question.

In December 2017, Choe and Goodwill entered into a settlement agreement. Goodwill agreed to pay $300,000 of a stipulated judgment of $1,750,000 and assigned its claims against the Rick Pool and American over to Choe.[1] In March 2018, the state court concluded that the settlement was reasonable.

### III. DISCUSSION

Goodwill moves for partial judgment that the settlement "amount establishes the floor or the minimum amount that the insurer is liable to [Choe] should [she] prevail at trial" and that American "is estopped from relitigating the issue of bad faith, collusion, or

---

[1] The court will refer to Goodwill and Choe collectively as "Choe."

fraud in this case." Dkt. 65 at 15. Choe concedes that nothing in this motion applies to her claims against the Risk Pool. Dkt. 72 at 2. Thus, the Court will only address the two issues as they apply to American.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Amount of Damages**

Choe requests "an order establishing that the reasonable covenant judgment amount establishes the presumptive measure of damages and establishes the floor should the plaintiff establish liability at trial." Dkt. 65 at 12. Although Choe asserts a broad request for relief, there is some merit to limited parts of her request. First, Choe seeks this ruling only with respect to her bad faith claim, which includes allegations relating to American's duty to indemnify as well as other aspects of the claim. Dkt. 43, ¶¶ 12.1–12.7. In *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 132 (2008), the Washington Supreme Court "conclude[d] that a third-party insured has a cause of action for bad faith claims handling that is not dependent on the duty to indemnify, settle, or defend." If the insured prevails on this type of claim, then the insured must prove actual harm. *Id.* at 133. On the other hand, if the insured proves that the "liability insurer refuses in bad faith to settle the [insured's] claims," then the reasonable settlement "becomes the presumptive measure of damages in a later bad faith action against the

insurer." *Bird v. Best Plumbing Grp., LLC*, 175 Wn.2d 756, 765 (2012). Thus, it seems that when bad faith claims are based on multiple allegations of improper conduct, Choe is entitled to a presumptive measure of damages if she proves American committed bad faith in refusing to settle and actual damages if she proves American committed bad faith independent of the duty to indemnify. Regarding Choe's motion, at most the Court may conclude that there exists a hypothetical set of allegations that, if proved, would entitle Choe to a presumptive measure of damages in the amount of the settlement. The Court, however, is unable to grant Choe's motion as to all the allegations in support of her bad faith claim. In other words, damages depend on liability and the Court unfortunately envisions a complicated verdict form.

Second, the Court recently concluded that Choe has a valid claim for breach of contract for failure to indemnify. This raises the issue of double recovery if the Court were to conclude that the presumptive measure of damages was identical to the apparent measure of damages for the indemnity claim. Neither party addresses this issue, which could directly impact the measure of damages for Choe's independent bad faith claim. Therefore, without further clarification as to these outstanding issues, the Court denies Choe's motion without prejudice on the presumptive or minimum damages for her bad faith claim.

C.   **Relitigation of Issues**

Choe moves for partial judgment precluding American from relitigating bad faith, collusion, or fraud as to the settlement. Dkt. 65 at 12–15. American concedes this issue absent newly discovered evidence that would "revive" the issue. Dkt. 71 at 14. The

Court considers this an admission that the motion has merit subject to the existing rules regarding motions based on newly discovered evidence that all parties are entitled to file. Thus, the Court grants Choe's motion on this issue.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Choe's motion for partial summary judgment re covenant judgment, Dkt. 65, is **GRANTED in part** and **DENIED in part**.

Dated this 15th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge