UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>GOODWILL OF THE OLYMPICS AND RAINIER REGION, et al.,<br><br>　　　　　　Defendants. | CASE NO. C17-5978 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff American Alternative Insurance Corporation's ("American") motion for reconsideration. Dkt. 94. The Court has considered the pleadings filed in support of the motion and the remainder of the file and denies the motion for the reasons set forth herein.

On November 22, 2017, American filed a declaratory judgment action against Defendants Sun Theresa Choe, Goodwill of the Olympics and Rainier Region's, Enrique Hernandez Franco, Jane Doe Hernandez Franco, and Non Profit Insurance Program seeking a declaration that there is no duty to defend, indemnify, or reimburse under the insurance contract. Dkt. 1.

On July 18, 2019 American filed a motion for summary judgment seeking a declaration that its policy does not obligate American to defend or indemnify. Dkt. 49. On January 15, 2020, the Court granted the motion in part and denied the motion in part. Dkt. 83. In relevant part, the Court denied the motion to indemnify as to the Automobile Liability Coverage clause of the insurance contract. *Id.* at 9–10. On January 29, 2020, American filed a motion for reconsideration on the duty to indemnify under that clause. Dkt. 94.

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In this case, American fails to establish that reconsideration is warranted. In its motion for summary judgment, American provided two pages of argument and a few Washington authorities to support its position. Dkt. 49 at 19–20. Now, American provides seven pages of argument and new authorities from other jurisdictions to support its motion for reconsideration. Dkt. 94 at 2–7. In other words, American is trying to

achieve through reconsideration that which it failed to achieve through its motion for summary judgment. Thus, it was not manifest error to deny a motion based on inadequate support by the moving party. The Court agrees with American that coverage is an important legal question that should be resolved before trial, and the proper way to address this issue now is to file a fully briefed motion instead of seeking reconsideration of its unsupported motion. Therefore, the Court **DENIES** American's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 6th day of February, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge