UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>                     Plaintiff,<br><br>       v.<br><br>GOODWILL OF THE OLYMPICS AND RAINIER REGION, et al.,<br><br>                     Defendants. | CASE NO. C17-5978 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff American Alternative Insurance Corporation's ("American") motion for summary judgment. Dkt. 130. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

On November 22, 2017, American filed a declaratory judgment action against Defendants Goodwill of the Olympics and Rainier Region ("Goodwill"), Sun Theresa Choe ("Choe"), Enrique Hernandez Franco ("Franco"), Jane Doe Hernandez Franco, and Non Profit Insurance Program ("Risk Pool") seeking a declaration that there is no duty to

ORDER - 1

defend, indemnify, or reimburse Goodwill or the Risk Pool based on allegations in an underlying complaint. Dkt. 1.

On July 18, 2019, American filed a motion for summary judgment seeking a declaration that its policy does not obligate American to defend or indemnify. Dkt. 49. On January 15, 2020, the Court granted the motion in part concluding that American did not owe a duty to indemnify Goodwill under the commercial general liability portion of the parties' policy but denied the motion as to indemnity under the automobile portion of the policy. Dkt. 83. On January 29, 2020, American filed a motion for reconsideration, Dkt. 94, which the Court denied concluding that the issues presented in the motion should be considered on a subsequent dispositive motion, Dkt. 97. On February 27, 2020, American filed the instant motion addressing the issue of coverage under the automobile portion of the policy. Dkt. 130. On March 16, 2020, Choe and Goodwill responded. Dkt. 135. On March 23, 2020, American replied. Dkt. 140.

## II. FACTUAL BACKGROUND

On September 20, 2014, Choe and Franco were customers at Goodwill. Franco had purchased furniture at the store, and Goodwill employees instructed him to back his truck up a loading ramp so that the furniture could be loaded into the vehicle. While backing up the ramp, Franco ran over Choe causing severe injuries. On January 6, 2016, Choe filed suit against Goodwill in state court.

On June 26, 2017, Choe moved for entry of default judgment because Goodwill had failed to appear or defend. Goodwill immediately moved to set aside the default arguing that it had not been served with the complaint. Ultimately, the court granted the

motion with conditions.  Goodwill also notified the Risk Pool of the suit, which notified American.  The Risk Pool does not issue insurance itself.  Instead, the Risk Pool negotiates and obtains insurance of behalf of its non-profit members such as Goodwill.  Relevant to the instant matter, Goodwill obtained insurance with American through the Risk Pool.  The relevant policy covered (1) commercial general liability ("CGL"), which included an automobile injury exclusion, (2) separate automobile coverage, and (3) a prompt notice of claim provision.

In September 2017, Choe moved to reinstate the default based on evidence that Goodwill had been timely served in early 2016.  The court denied the request to reinstate the default and instead imposed sanctions of 1% liability for Goodwill's failure to timely submit the evidence in question.

In December 2017, Choe and Goodwill entered into a settlement agreement.  Goodwill agreed to pay $300,000 of a stipulated judgment of $1,750,000 and assigned its claims against the Risk Pool and American over to Choe.  In March 2018, the state court concluded that the settlement was reasonable.

### III.  DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

## B. Automobile Coverage

The policy included an Automobile Liability Coverage Part that defined a covered automobile in part as an automobile:

> You do not own, lease, hire, rent or borrow that is used in conjunction with your business (This includes an Automobile owned by any of your employees or partners or members of their household but only while used in conjunction with your business).

Dkt. 50-1 at 122. American moves for summary judgment arguing that Franco's automobile was not a covered automobile and that Goodwill's underlying liability was based solely on premises liability claims. Dkt. 130 at 9–15.

First, the Court previously agreed with Goodwill "that under a fair reading of the policy provision Franco was using his vehicle in conjunction with Goodwill's business" and concluded that "there is no explicit language in the coverage provision regarding who was driving the vehicle in question as long as it was used in connection with Goodwill's business." Dkt. 83 at 9–10. American disagrees with this conclusion arguing that "Franco's auto most certainly was not a Covered Automobile and, thus, the insuring agreement is not satisfied." Dkt. 130 at 9. American then relies on out of jurisdiction authorities to persuade the Court that the clause is not ambiguous. *Id.* at 11–14. While American's authorities could be persuasive in some situations, American fails to provide any authority addressing facts similar to the circumstances in this case. Moreover, because an ambiguity may not exist in some situations, it does not mean that policy language is unambiguous in every situation. Here, the facts are unique. In order to complete his business with Goodwill, a Goodwill employee, pursuant to Goodwill policy,

1  directed Franco to move his vehicle to the loading area so that Goodwill employees could
2  load the furniture Franco purchased.  In addition to these instructions from Goodwill,
3  Franco was slowly driving backwards under the direction of a Goodwill employee.  It is
4  not unreasonable to conclude that Franco's vehicle was used in conjunction with
5  Goodwill's business at this particular point in time.  In fact, there would not have been
6  any business if not for the specific act of Franco moving the vehicle closer to the loading
7  dock.

8        American argues that such an interpretation will lead to absurd results such as the
9  tortious actions of any customer that had recently purchased merchandise.  Dkt. 130 at
10 14.  This is not so.  For example, under the Court's limited ruling, Goodwill would not be
11 liable for a customer that injured another while entering or leaving Goodwill's premises
12 because use of the vehicle would not be in conjunction with Goodwill business.  Like the
13 great majority of purchases from retailers, the customers carry their purchases to their
14 vehicles and leave the business's premises.  However, this unique scenario of requiring a
15 customer to move his vehicle to a particular spot on the premises under the direction of
16 an employee creates an ambiguity in this insurance policy that must be construed against
17 American.  *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171 (2005) (a clause
18 is ambiguous if "it is fairly susceptible to two different interpretations, both of which are
19 reasonable.").  Therefore, the Court denies American's motion as to the interpretation of
20 coverage.

21       Second, American argues that Goodwill's underlying liability was limited to
22 premises liability claims Choe asserted against Goodwill.  Dkt. 130 at 14–15.  As such,

Goodwill is not liable for, and American must not indemnify Goodwill for, claims arising from injuries relating to Franco's automobile.  *Id.*  Goodwill and Choe respond that the underlying liability was based on "Goodwill's own improper and unsafe design, maintenance and operation of its loading area [that] caused the accident and resultant injuries to Ms. Choe." Dkt. 135 at 21 (emphasis omitted).  American failed to address this argument in its reply.  The Court concludes that this is an issue of interpretation of the underlying complaint and settlement, and American has failed to establish as a matter of law that Goodwill's settlement precluded liability for Choe's injuries as a result of an alleged improper operation of the loading area.  Therefore, the Court denies American's motion on this issue.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that American's motion for summary judgment, Dkt. 130, is **DENIED**.

Dated this 20th day of August, 2020.

        BENJAMIN H. SETTLE
        United States District Judge