1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMERICAN ALTERNATIVE
INSURANCE CORPORATION,

                    Plaintiff,

          v.

GOODWILL OF THE OLYMPICS
AND RAINIER REGION, et al.,

                    Defendants.

CASE NO. C17-5978 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND DENYING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff American Alternative Insurance Corporation's ("American") motion for partial summary judgment, Dkt. 89, and Defendants Goodwill of the Olympics and Rainier Region ("Goodwill") and Sun Theresa Choe's ("Choe") motion for summary judgment, Dkt. 90.  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

## I.   PROCEDURAL HISTORY

On November 22, 2017, American filed a declaratory judgment action against Defendants Goodwill, Choe, Enrique Hernandez Franco ("Franco"), Jane Doe Hernandez

1  Franco, and Non Profit Insurance Program ("Risk Pool") seeking a declaration that there

2  is no duty to defend, indemnify, or reimburse Goodwill or the Risk Pool based on

3  allegations in an underlying complaint.  Dkt. 1.

4        On July 18, 2019, American filed a motion for summary judgment seeking a

5  declaration that its policy does not obligate American to defend or indemnify.  Dkt. 49.

6  On January 15, 2020, the Court granted the motion in part concluding that American did

7  not owe a duty to indemnify Goodwill under the commercial general liability portion of

8  the parties' policy but denied the motion as to indemnity under the automobile portion of

9  the policy.  Dkt. 83.

10        On January 23, 2020, American filed a motion for partial summary judgment on

11  Goodwill and Choe's breach of the duty to settle and extra-contractual claims, Dkt. 89,

12  and Goodwill and Choe filed a motion for summary judgment on the same claims, Dkt.

13  90.  On February 10, 2020, the parties responded.  Dkts. 101, 102.  On February 14,

14  2020, the parties replied.  Dkts. 106, 110.

15        On February 27, 2020, American filed a second motion for summary judgment on

16  coverage under the automobile portion of the policy.  Dkt. 130.  On August 20, 2020, the

17  Court denied the motion.  Dkt. 144.

18                 **II.   FACTUAL BACKGROUND**

19        On September 20, 2014, Choe and Franco were customers at Goodwill.  Franco

20  had purchased furniture at the store, and Goodwill employees instructed him to back his

21  truck up a loading ramp so that the furniture could be loaded into the vehicle.  While

22

1   backing up the ramp, Franco ran over Choe causing severe injuries.  On January 6, 2016,

2   Choe filed suit against Goodwill in state court.

3          On June 26, 2017, Choe moved for entry of default judgment because Goodwill

4   had failed to appear or defend.  Goodwill immediately moved to set aside the default

5   arguing that it had not been served with the complaint.  Ultimately, the court granted the

6   motion with conditions.  Goodwill also notified the Risk Pool of the suit, which notified

7   American.  The Risk Pool does not issue insurance itself.  Instead, the Risk Pool

8   negotiates and obtains insurance of behalf of its non-profit members such as Goodwill.

9   Relevant to the instant matter, Goodwill obtained insurance with American through the

10  Risk Pool.  The relevant policy covered (1) commercial general liability ("CGL"), which

11  included an automobile injury exclusion, (2) separate automobile coverage, and (3) a

12  prompt notice of claim provision.

13         On July 5, 2017 Goodwill tendered the claim to American.  Dkt. 91-1.  On July

14  31, 2017, American agreed to indemnify the Risk Pool "for defense costs in defending

15  Goodwill pursuant to the terms and conditions of" the policy under a full reservation of

16  rights.  Dkt. 91-2 at 19.  The letter does not refer to potential coverage under the

17  automobile portion of the policy.

18         In September 2017, Choe moved to reinstate the default based on evidence that

19  Goodwill had been timely served in early 2016.  The court denied the request to reinstate

20  the default and instead imposed sanctions of 1% liability for Goodwill's failure to timely

21  submit the evidence in question.  The Risk Pool and Goodwill requested that American

22  pay for the sanctions imposed.  On September 26, 2017, American denied the request.

1  Dkt. 91-3.  In evaluating Choe's claims, American authorized up to $150,000 to settle

2  these claims.  Dkt. 62-24 at 8.

3       In December 2017, Choe and Goodwill entered into a settlement agreement.

4  Goodwill agreed to pay $300,000 of a stipulated judgment of $1,750,000 and assigned its

5  claims against the Risk Pool and American over to Choe.[1]  In March 2018, the state court

6  concluded that the settlement was reasonable.

7                                 **III.  DISCUSSION**

8  **A.     Summary Judgment Standard**

9       Summary judgment is proper only if the pleadings, the discovery and disclosure

10 materials on file, and any affidavits show that there is no genuine issue as to any material

11 fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

12 The moving party is entitled to judgment as a matter of law when the nonmoving party

13 fails to make a sufficient showing on an essential element of a claim in the case on which

14 the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

15 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

16 could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

17 *Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must

18 present specific, significant probative evidence, not simply "some metaphysical doubt").

19 *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

20 if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

21

22        [1] Goodwill and Choe will be referred to as Goodwill for the remainder of the order.

1    jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477

2    U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

3    626, 630 (9th Cir. 1987).

4         The determination of the existence of a material fact is often a close question. The

5    Court must consider the substantive evidentiary burden that the nonmoving party must

6    meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

7    U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630.  The Court must resolve any factual

8    issues of controversy in favor of the nonmoving party only when the facts specifically

9    attested by that party contradict facts specifically attested by the moving party.  The

10   nonmoving party may not merely state that it will discredit the moving party's evidence

11   at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

12   *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

13   nonspecific statements in affidavits are not sufficient, and missing facts will not be

14   presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

15   **B.     Duty to Settle**

16        Goodwill's second cause of action asserts that American breached the duty to

17   settle.  Dkt. 43 at 26.  Goodwill, however, fails to cite any provision in the policy that

18   explicitly states that American has an obligation to settle claims against Goodwill.

19   Instead, Goodwill cites provisions that provide American with the right to preliminarily

20   approve any settlement and the right to settle any claim.  Dkt. 102 at 9 ("You must obtain

21   our prior written approval before offering or agreeing to pay an amount which is in

22   excess of the Retained Limit in order to settle any Claim under this Coverage Part . . . .

1   We shall have the right to settle any Claim that in our sole opinion may create

2   indemnification obligations for us under this Coverage Part.").  Goodwill then

3   misleadingly argues that these provisions should be construed as a duty to settle citing

4   California authorities from the 1960s and 1970s.  *Id.* at 10.  Contrary to Goodwill's

5   position, the Court is not persuaded that American's rights to approve a settlement or to

6   settle were or should be converted into a *duty* to settle.  Therefore, the Court grants

7   American's motion on Goodwill's claim for breach of the duty to settle.

8   **C.    Duty to Indemnify**

9          Goodwill moves for summary judgment on its claim that American breached the

10  duty to indemnify.  Dkt. 90 at 9.  Instead of responding to the merits of Goodwill's

11  motion, American argues that "indemnity is very much an open question" because the

12  Court concluded questions of fact exist on this issue, Dkt. 101 at 14, and that "[a]

13  renewed motion for summary judgment will soon be filed that resolves the issue of

14  coverage as a matter of law based on undisputed facts," Dkt. 106 at 6.  Goodwill argues

15  that "American's inability and wholesale failure to produce any [evidence in opposition]

16  is insufficient to meet its burden on summary judgment."  Dkt. 110 at 3.  The Court

17  agrees with Goodwill to the extent that American was satisfied that it would obtain a

18  judgment of no coverage and failed to adequately respond to Goodwill's motion on this

19  issue.  Goodwill, however, is the moving party on a claim for affirmative relief and bears

20  the burden of establishing judgment as a matter of law and that no reasonable juror could

21  find other than for Goodwill.  *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

22  1986) ("showing must be sufficient for the court to hold that no reasonable trier of fact

1  could find other than for the moving party.").  While the Court denied American's

2  motions on coverage, Goodwill has failed to establish that it is entitled to judgment as a

3  matter of law.  For example, Goodwill referred the Court to the provision in the policy

4  requiring Goodwill to obtain American's prior written approval before settling any claim

5  over the retained limit. Dkt. 102 at 9.  Goodwill has failed to submit evidence to

6  establish that it obtained this approval, and therefore has failed to establish an entitlement

7  to judgment as a matter of law.  Accordingly, the Court denies Goodwill's motion for

8  judgment on this issue.

9  **D.      Failure to Disclose**

10      Goodwill argues that American committed bad faith by failing to disclose the

11  potential for coverage under the automobile portion of the policy.  Dkt. 90 at 17–20.  "An

12  action for bad faith handling of an insurance claim sounds in tort."  *Safeco Ins. Co. of*

13  *Am. v. Butler*, 118 Wn.2d 383, 389 (1992).  In Washington, an insurer has a duty to

14  disclose all pertinent coverages for any claim submitted.  WAC 284–30–350.  The

15  reasonableness of the insurer's actions "is typically a question of fact, but if reasonable

16  minds could not differ that an insurer's denial of coverage was reasonable, the Court may

17  reach the conclusion as a matter of law."  *See Smith v. Safeco Ins. Co.*, 150 Wn.2d 478,

18  484 (2003); *see also Lakehurst Condo. Owners Ass'n v. State Farm Fire & Cas. Co.*, 486

19  F. Supp. 2d 1205, 1213 (W.D. Wash. 2007).  "If the insurer can point to a reasonable

20  basis for its action, this reasonable basis is significant evidence that it did not act in bad

21  faith and may even establish that reasonable minds could not differ that its denial of

22  coverage was justified."  *Smith*, 150 Wn.2d at 486.

ORDER - 7

1    In this case, at the very least, a question of fact exists whether American's failure

2    to disclose that the automobile provision of the policy could potentially provide coverage.

3    The Court has considered two motions on this issue and ultimately reached the

4    conclusion that the unique facts of this case create an ambiguity in the operative language

5    of the policy.  *See* Dkt. 144 at 5–6.  Under these circumstances, a reasonable juror could

6    conclude that American's failure to disclose potential coverage was not an act of bad

7    faith.  Therefore, the Court denies both parties motions on the question of bad faith.

8    Likewise, the Court denies the parties' motions on the issue of whether the

9    settlement amount is the presumptive measure of damages.  "If the amount of the

10   covenant judgment is deemed reasonable by a trial court, it becomes the presumptive

11   measure of damages in a later bad faith action against the insurer."  *Bird v. Best Plumbing*

12   *Grp., LLC*, 175 Wn.2d 756, 764–65 (2012) (citing *Besel v. Viking Ins. Co. of Wis.*, 146

13   Wn.2d 730, 738 (2002)).  If the jury concludes that American committed bad faith, then it

14   seems that Goodwill is entitled to this presumption on damages.

15   **E.    Consumer Protection Act**

16   A Consumer Protection Act ("CPA") claim in the insurance context requires (1) an

17   unfair or deceptive practice, (2) in trade or commerce, (3) that impacts the public interest,

18   (4) which causes injury to the party in his business or property, and (5) which injury is

19   causally linked to the unfair or deceptive act.  *Industrial Indem. Co. of the Northwest, Inc.*

20   *v. Kallevig*, 114 Wn.2d 907, 920–21 (1990).  A "violation of WAC 284–30–350 is also a

21   violation of RCW 48.30.010, and is therefore a *per se* unfair trade practice."  *Anderson v.*

22

ORDER - 8

1    *State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 332 (2000) (citing *Van Noy v. State Farm*,

2    98 Wn. App. 487, 496 (1999), *review granted*, 139 Wn.2d 1022 (2000)).

3           In this case, Goodwill fails to submit evidence on each element of its claim.

4    American specifically moved for judgment on the element of harm arguing that

5    "Goodwill and Choe cannot establish any actual injury to Goodwill's business or

6    property proximately caused by any unfair or deceptive act or practice on the part of

7    [American]." Dkt. 89 at 19.  Goodwill responds that it "has been harmed in its business

8    wherein it was forced to enter into a covenant judgment settlement and pay $300,000.00

9    of its own funds." Dkt. 102 at 24 (citing *Moratti ex rel. Tarutis v. Farmers Ins. Co. of*

10   *Wash.*, 162 Wn. App. 495, 511 (2011)).  Goodwill, however, fails to submit any evidence

11   establishing a causal like between American's allegedly deceptive actions and Goodwill's

12   alleged injury.  Regarding indemnity, that issue will be determined in this declaratory

13   judgment action, and Goodwill has failed to submit any evidence of injury while this

14   action proceeds to judgment.  Similarly, Goodwill has failed to connect American's

15   failure to disclose the automobile coverage portion of the policy with damage.  For

16   example, Goodwill has not submitted a declaration from any employee with settlement

17   authority declaring that if the employee knew that there was a potential for coverage

18   under this provision of the policy, Goodwill would not have entered into the settlement

19   agreement at that time.  Therefore, the Court grants American's motion and denies

20   Goodwill's motion on Goodwill's CPA claim.

21

22

**F.      Insurance Fair Conduct Act**

The parties are aware of the intra-district split on the issue of whether an insured under an indemnity policy, Goodwill, may assert a claim under Washington's Insurance Fair Conduct Act ("IFCA") based on the insurer's, American, denial of a claim to indemnify a settlement with a third-party, Choe. *Compare Cox v. Cont'l Cas. Co.*, No. C13–2288 MJP, 2014 WL 2011238, at *1 (W.D. Wash. May 16, 2014), *aff'd* 703 F. App'x 491 (9th Cir. 2017) (dismissing claim), *with City of Bothell v. Berkley Reg'l Specialty Ins. Co.*, No. C14–0791 RSL, 2014 WL 5110485, at *10 (W.D. Wash. Oct. 10, 2014) (valid IFCA claim).  The Court agrees with the line of cases recognizing the claim because it comports with the most relevant state court decision on the issue.  *See Osborne Constr. Co. v. Zurich Am. Ins. Co.*, C18-0349-JCC, 2019 WL 859220, at *2 (W.D. Wash. Feb. 22, 2019) (citing *Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co.*, 176 Wn. App 185, 200–01 (2013)).  Therefore, the Court denies American's motion for summary judgment on Goodwill's IFCA claim.

**G.      Attorney's Fees**

Goodwill moves for summary judgment on its entitlement to attorney's fees.  Dkt. 90 at 24–25.  American counters that the issue is premature until coverage is determined.  Dkt. 101 at 20.  The Court agrees with American and denies Goodwill's motion on this issue without prejudice.

# IV.  ORDER

Therefore, it is hereby **ORDERED** that American's motion for partial summary judgment, Dkt. 89, is **GRANTED in part** and **DENIED in part** and Goodwill's motion for summary judgment, Dkt. 90, is **DENIED**.

Dated this 15th day of September, 2020.

BENJAMIN H. SETTLE
United States District Judge